**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **KEITH MATHIS**, | : | |
| | | Civil Action No. 10-0368 (RBK) |
| Petitioner, | : | |
| | | |
| v. | : | **OPINION** |
| | | |
| **PAUL SCHULTZ**, et al., | : | |
| | | |
| Respondents. | : | |

**APPEARANCES:**

Petitioner pro se
Keith Mathis
#20282-050
FCI Fairton
PO Box 420
Fairton, NJ 08320

Counsel for Respondents
Paul A. Blaine
United States Attorney
401 Market Street
4th Floor
Camden, NJ 08101

**KUGLER**, District Judge

Petitioner Keith Mathis, a prisoner currently confined at FCI Fairton in Fairton, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241;[1] he has

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

paid the $5 filing fee.  Paul Schultz and the Bureau of Prisons are named as respondents.

Because it appears from a review of the Petition that Petitioner is not entitled to relief, the Petition will be dismissed.  See 28 U.S.C. § 2243.

## I.  BACKGROUND

Petitioner was arrested on October 14, 1998 for a New Jersey state parole violation and his parole was revoked on December 10, 1998.  Pursuant to a writ of habeas corpus ad prosequendum related to a pending federal trial, Petitioner was taken into custody by the United States Marshals Service on January 14, 1999.

Petitioner was then convicted on one count of conspiracy to defraud the United States (a violation of 18 U.S.C. § 371) and one count of bank robbery by force or violence (a violation of 18 U.S.C. § 2113(a)) and sentenced to a concurrent custodial term of 162 months on November 10, 1999.

On December 10, 1999, Mathis was mistakenly designated to FCI McKean by the Federal Bureau of Prisons ("BOP").  Respondents admit to this error.  Petitioner remained at FCI McKean until March 21, 2000 when, after the mistake was discovered, he was returned to state custody to complete his New Jersey parole violation term.  On March 16, 2001, upon completion of his state

custody term, Petitioner was released to federal custody to serve his federal sentence.

On June 10, 2010, the BOP examined Petitioner's sentence computation related to the mistaken assignment to FCI McKean subsequent to his federal conviction.  The BOP credited Petitioner's federal sentence in the amount of 133 days to account for the time between November 10, 1999, the date of his federal sentence, and March 21, 2000, the date of his return to New Jersey state authorities.

Petitioner asserts in his petition that his federal sentence should be deemed to have run continuously from the date that he entered federal custody at FCI McKean until the present, entitling him to credit toward his federal sentence for the full time period not only when he was initially in federal custody but also between March 22, 2000 to March 15, 2001 during the time that he served his parole violator term in New Jersey.

Adjusted for the 133 days of prior credit time and including a deduction for projected good time credits, Petitioner's release date is currently set for September 24, 2012.

## II.   LEGAL STANDARD

"Habeas corpus petitions must meet heightened pleading requirements."  McFarland v. Scott, 512 U.S. 849, 856 (1994).  A petition must "specify all the grounds for relief" and must set forth "facts supporting each of the grounds thus specified."  See

Rule 2(c) of the Rules Governing § 2254 Cases in the U.S. District Courts (amended Dec. 1, 2004) ("Habeas Rules"), made applicable to § 2241 petitions through Rule 1(b) of the Habeas Rules.

Nevertheless, a pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

III.   ANALYSIS

A.   Jurisdiction

A habeas corpus petition is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement, Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973), including challenges to prison disciplinary proceedings that affect the length of confinement, such as deprivation of good time credits, Muhammad v. Close, 540 U.S. 749 (2004) and Edwards v. Balisok, 520 U.S. 641 (1997). See also Wilkinson v. Dotson, 125 S.Ct. 1242 (2005). Habeas corpus is an appropriate mechanism, also, for a federal prisoner to challenge the execution of his

sentence. See Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001); Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990). In addition, where a prisoner seeks a "quantum change" in the level of custody, for example, where a prisoner claims to be entitled to probation or bond or parole, habeas is the appropriate form of action. See, e.g., Graham v. Broglin, 922 F.2d 379 (7th Cir. 1991) and cases cited therein.

Accordingly, this Court has jurisdiction to hear this this application for additional credit toward his federal sentence.

B.   Petitioner's Claims

Petitioner brings this application, for a reduction or credit with respect to his federal sentence, under 28 U.S.C. § 2241. "Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001) (citations omitted). A petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the district where the prisoner is confined provides a remedy "where petitioner challenges the effects of events 'subsequent' to his sentence." Gomori v. Arnold, 533 F.2d 871, 874 (3d Cir.), cert. denied, 429 U.S. 851 (1976) (finding jurisdiction where prisoner challenged erroneous computation of release date). See also Vega v. United States, 493 F.3d 310 (3d Cir. 2007) (finding jurisdiction where prisoner challenged BOP's

5

failure to give credit for time served prior to federal sentence); Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1991) (finding jurisdiction where prisoner challenged BOP refusal to decide whether to designate state prison as a place of serving federal sentence); Soyka v. Allredge, 481 F.2d 303 (3d Cir. 1973) (finding jurisdiction where petitioner alleged a claim for credit for time served prior to federal sentencing).

The Attorney General is responsible for computing federal sentences for all offenses committed on or after November 1, 1987, United States v. Wilson, 503 U.S. 329 (1992) and 18 U.S.C. § 3585, and the Attorney General has delegated that authority to the Director of the Bureau of Prisons, 28 C.F.R. § 0.96 (1992).

Computation of a federal sentence is governed by 18 U.S.C. § 3585, and is comprised of a two-step determination of, first, the date on which the federal sentence commences and, second, the extent to which credit is awardable for time spent in custody prior to commencement of the sentence.

> (a) Commencement of sentence.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
> > (1) as a result of the offense for which the sentence was imposed; or

>           (2) as a result of any other charge for which
>           the defendant was arrested after the
>           commission of the offense for which the
>           sentence was imposed;

that has not been credited against another sentence. 18 U.S.C. § 3585(a), (b).

Petitioner claims that his erroneous designation in federal custody before the completion of his state court term entitles him to full federal credit from the time of the initial federal designation, through and including the completion of his state court term, until the time when he was returned to serve in federal custody. The BOP has already determined that the time that Petitioner spent in federal custody immediately subsequent to his sentencing before he was returned to state custody would be retroactively credited against his federal sentence and his release date has been adjusted accordingly. Therefore the issue of awarding Petitioner time for the initial federal service is moot.

The only pending issue that remains is Petitioner's assertion that his federal sentence ran continuously from the time that he was erroneously put into federal custody and through the state time that led up to his return to serve the remainder of his federal sentence.

Petitioner's request to have his state time credited against his remaining federal time is, in effect, a request for double credit of almost a year's worth of time that Petitioner served

7

and was credited for in state custody.  Double credit is prohibited pursuant to 18 U.S.C. § 3585(b) which provides that a credit shall be given toward the service of a term of imprisonment only where it has not been credited against another sentence.

While § 3585(b) does allow time credit for prior custody in certain situations, that provision of the statute is not available to Petitioner here.  It is not permissible for inmates to double count their time served.  See United States v. Wilson, 503 U.S. 329, 337.  Accordingly, the additional sentence credit Petitioner seeks cannot be applied to his federal sentence since that time period of state custody was previously used to satisfy his state term.  He has received federal credit for the initial time served at FCI McKean and, as such, is not entitled to a remedy of any additional credit toward his sentence.

## IV.  CONCLUSION

For the reasons set forth above, the Petition will be denied.  An appropriate order follows.

                                           s/Robert B. Kugler
                                           Robert B. Kugler
                                           United States District Judge

Dated: March 2, 2011